**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOEL AARON SILBERMAN,** | : | |
| **Petitioner** | : | **CIV. ACTION NO. 3:26-2940** |
| **v.** | : | **(JUDGE MANNION)** |
| **NORTHUMBERLAND COUNTY MHMR,** | : | |
| **Respondent** | : | |

## MEMORANDUM

This is a habeas corpus case filed pursuant to 28 U.S.C. §2254. The petition will be dismissed for failure to state a claim for habeas corpus relief upon which relief can be granted.

## I. BACKGROUND

Petitioner, Joel Aaron Silberman, filed this case on October 2, 2026. (Doc. 1). The petition asserts that he is being held on a "mental health warrant" in Danville State Hospital. (*Id.* at 1). Silberman states that he is challenging the legality of a conviction and sentence in the Lebanon County Court of Common Pleas in "circa 2020," because he "was never able to challenge or provide evidence to the court specifically video evidence." (*Id.* at 2). He also states that he appealed the conviction and sentence to the Pennsylvania Superior Court but cannot provide any docket number for that

case because he was "unable to obtain [a] Westlaw subscription." (*Id.*) As grounds for relief, Silberman states that he "wish[es] to sever any contract with the prosecution," and that he is "unable to get private coun[se]l because of a "phone restriction." (*Id.* at 6). For relief, he requests to "attend and cross examine Peter John Joseph Silberman and Danielle Underkupfler." (*Id.* at 7).

## II. STANDARD OF REVIEW

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. §2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. §2254 Rule 4.

## III. DISCUSSION

Petitions for writ of habeas corpus must "state the facts supporting" the petitioner's request for habeas corpus relief. Rule 2(c)(2), Rules Governing Section 2254 Cases, Following 28 U.S.C. §2254. A petition is subject to dismissal if it offers nothing more than "bald assertions" and "conclusory allegations." *Palmer v. Hendricks*, 592 F.3d 386, 395 (3d. Cir. 2010). The petition must present a prima facie claim for habeas corpus relief by making "sufficient 'factual allegations, which, if true, would entitle the applicant to federal habeas relief.'" *Id.* at 392 (quoting *Schiro v. Landigan*, 550 U.S. 465, 474 (2007). "[C]ourts are not bound to accept as true a legal conclusion

couched as a factual allegation." *Id.* at 395 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Here, Silberman's petition plainly fails to state a claim upon which relief may be granted. It is completely unclear from the petition what crimes he was convicted of, whether the claims he asserts in his petition relate to the conviction in any way, whether he is still in custody for the conviction or its resulting sentence, whether he exhausted state court remedies prior to filing this case, whether his claims for habeas corpus relief are timely, or whether he is even seeking to be released from custody. The court will accordingly dismiss this case without prejudice to Silberman's right to file a new habeas case that more clearly states his request for habeas corpus relief.

## IV. CONCLUSION

For the foregoing reasons, this case will be dismissed without prejudice. An appropriate order shall issue.

s/ Malachy E. Mannion
**Malachy E. Mannion**
**United States District Judge**

**Dated: November 2, 2026**
26-2940-01